IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **NICO TRINKHAUS,** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No: 8:22-cv-02286-JMC |
| **ANABON SECURITY LLC,** | * | |
| *Defendant.* | | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION[1]

Plaintiff Nico Trinkhaus filed this copyright infringement action against Defendant Anabon Security LLC on September 9, 2022. (ECF No. 1). Presently before the Court are two Motions: (1) Plaintiff' Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (ECF No. 5) ("Plaintiff's Motion") and (2) Defendant's Motion to Dismiss, or, in the Alterative, for Summary Judgment (ECF No. 10) ("Defendant's Motion").[2] In addition to these Motions, the Court has considered Plaintiff's Opposition to Defendant's Motion (ECF No. 12) and Defendant's Reply in further support of Defendant's Motion (ECF No. 14). The Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons explained below, Defendant's Motion, treated as a motion to dismiss, is DENIED without prejudice as to Defendant's ability to again move for summary judgment at a time which the Court will determine in the forthcoming scheduling order. Furthermore, Plaintiff's Motion is DENIED as moot.

---

[1] Originally, this case was assigned to Judge Hazel. However, on February 23, 2023, this case was reassigned to the undersigned for all further proceedings, pending the unanimous consent of the parties. (ECF No. 15). On March 1, 2023, both parties consented to the undersigned's jurisdiction.

[2] Additionally, the parties filed a Consent Motion for Extension (ECF No. 11) on December 7, 2022. Therein, the parties requested additional time to file an opposition and reply regarding Defendant's Motion. As the parties have already fully briefed Defendant's Motion in accordance with their requested schedule, the Court will GRANT the parties' Consent Motion for Extension (ECF No. 11).

I.   **BACKGROUND**

"At the motion to dismiss stage, the Court takes the allegations of the complaint as true, . . . and [it] construes any disputed allegations in the light most favorable to the plaintiff . . . ." *Krell v. Queen Anne's Cnty.*, No. JKB-18-637, 2018 WL 6523883, at *2 (D. Md. Dec. 12, 2018) (other citations omitted).

Plaintiff is a professional photographer, and he is the legal and rightful owner of photographs which he licenses to online and print publications. (ECF No. 1 at p. 2, ¶ 10).[3] At sunrise on August 20, 2016, Plaintiff authored an aerial photograph ("the Photograph") of the Singapore Marina in the Republic of Singapore. *Id.* at p. 3, ¶ 23. On March 20, 2018, Plaintiff registered the Photograph with the United States Copyright Office ("USCO") under Registration No. VA 2-104-395. *Id.* at p. 3, ¶ 24. On March 16, 2021, Plaintiff discovered the Photograph on a website owned and operated by Defendant.[4] *Id.* at p. 3, ¶ 25. Defendant utilized an exact copy of the vast majority of the Photograph on Defendant's website. *Id.* at p. 4, ¶ 31. Defendant's use of the Photograph was unaccompanied by a license or permission from Plaintiff. *Id.* at p. 4, ¶ 29. Regarding the website, Defendant takes an active and pervasive role in the content posted thereon. *Id.* at p. 4, ¶ 32. Defendant's website involvement includes—but is not limited to—copying and posting images on the website. *Id.*

On April 28, 2022, Plaintiff notified Defendant of Plaintiff's concern regarding Defendant's use of the Photograph. *Id.* at p. 4, ¶ 34. On June 21, 2022, Plaintiff again notified Defendant of Plaintiff's concern. *Id.* at p. 4, ¶ 35. Despite these notifications, Defendant continued

---

[3] When the Court cites to a specific page number, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

[4] The website is located at the following Uniform Resource Locator ("URL") : https://www.anabon.com/. *Id.* at p. 4, ¶ 26. Plaintiff alleges that the Photograph was stored at URL: https://www.anabon.com/wp-content/uploads/2020/11/TIANDY-Panarromic-technology.jpg. *Id.* at p. 4, ¶ 27.

2

to store and display the Photograph on the website. *Id.* at p. 4, ¶ 36. During the period relevant to the case *sub judice*, Defendant possessed complete control over—and actively reviewed and monitored the content on—the website. *Id.* at p. 5, ¶ 40. As a result of Defendant's use of the Photograph, Defendant has enjoyed an increase in traffic to the website, which has further resulted in Defendant experiencing an increase in its merchandise sales. *Id.* at p. 5, ¶ 44.

## II.  STANDARD OF REVIEW

### A.  Rule 12(b)(6) Failure to State a Claim

"Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Love v. Rumgay*, No. RDB-13-1402, 2016 WL 1028001, at *4 (D. Md. Mar. 15, 2016) (quoting Fed. R. Civ. P. 8(a)(2)). "Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Love*, 2016 WL 1028001, at *4. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court of the United States' opinions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 544 (2007), "require that complaints in civil actions be alleged with greater specificity than previously required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (other citation omitted). When ruling on a Rule 12(b)(6) motion to dismiss, a court must apply "[t]wo working principles . . . ." *Iqbal*, 556 U.S. at 678. First, although a court must accept as true all the factual allegations contained in a complaint, any legal conclusions that are drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[]" to

plead a claim). Second, a complaint shall be dismissed if it does not allege a "plausible claim for relief . . . ." *Id.* at 679. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (other citation omitted). In determining whether a plaintiff has stated a plausible claim for relief, a court must "draw on its judicial experience and common sense." *Id.* at 679 (other citation omitted).

"As a general rule, the court does not consider extrinsic evidence at the motion to dismiss stage . . . ." *Reamer v. State Auto. Mut. Ins. Co.*, 556 F. Supp. 3d 544, 549 (D. Md. 2021) (other citation omitted). However, "the court may consider, without converting the motion to dismiss into one for summary judgment, documents attached to the complaint as exhibits, and documents attached to a motion to dismiss if the document is 'integral to the complaint and there is no dispute about the document's authenticity.'" *Id.* (quoting *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016)). "A document is 'integral' to the complaint if its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Reamer*, 556 F. Supp. 3d at 59 (citing *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011)).

Defendant styles its Motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. "A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure." *Pevia v. Hogan*, 443 F. Supp. 3d 612, 625 (D. Md. 2020). The Court has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." *Id.* at 626 (other citation omitted). "Ordinarily, summary

4

judgment is inappropriate where the parties have not had an opportunity for reasonable discovery." *Id.* (other citations and internal quotation marks omitted). "To raise adequately the issue that discovery is needed, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) . . . explaining why, for specified reasons, it cannot present facts essential to justify its opposition, without needed discovery." *Id.* (other citations and internal quotation marks omitted).

Based on the fact-intensive nature of Plaintiff's claims, and Plaintiff's affidavit asserting the need for discovery (ECF No. 13)[5], the Court will decline to consider any evidence outside of Plaintiff's Complaint when determining the 12(b)(6) portion of Defendant's Motion.

## III. Analysis

### A. Defendant's Rule 12(b)(6) Motion to Dismiss

Plaintiff is entitled to pursue discovery to identify the owner of the website at issue. Defendant's sole argument is that Defendant "does not . . . own the Website, nor does it administer, maintain, or operate the Website, nor is it responsible for the content included on the Website." (ECF No. 10 at p. 2, ¶ 3 (citing ECF No. 10-1)). Rather, Defendant asserts that Anabon Security Inc. ("Anabon Inc."), "is responsible for the content on the Website." (ECF No. 10 at p. 2, ¶ 4 (citing ECF No. 10-2)). Defendant's Motion relies on two declarations: (1) the Declaration of Defendant's President, Mahdi Nahavandian (ECF No. 10-1), and (2) the Declaration of Anabon Inc.'s President, Alireza Ghandchi (ECF No. 10-2). However, as stated above, the Court will not consider extrinsic evidence outside the pleadings and convert Defendant's Motion into one for summary judgment. Therefore, because Plaintiff has adequately alleged that Defendant owns the website, Defendant's argument must fail.

---

[5] Plaintiff's counsel, Mr. Craig B. Sanders, sets forth Plaintiff's understanding regarding ownership of the website. Specifically, as will be further elaborated upon in this Memorandum Opinion, Mr. Sanders indicates that the registrant information for the website has changed since the filing of Plaintiff's lawsuit. (ECF No. 13 at p. 2, ¶ 4). Mr. Sanders asserts that information regarding the identity of the website owner is essential to Plaintiff's case. *See id.* at p. 2, ¶ 7.

In its Reply, Defendant heavily relies on a prior opinion of this Court: *Taccino v. Ford Motor Co.*, No. GLR-18-913, 2019 WL 1429263 (D. Md. Mar. 29, 2019), *aff'd*, 789 F. App'x 373 (4th Cir. 2020). Defendant argues that the defendant's motion to dismiss the complaint in *Taccino* was granted because the allegations in the complaint therein were "clearly directed at an entirely separate and independent entity." (ECF No. 14 at p. 2 (citing *Taccino*, 2019 WL 1429263 at *5–*6)). However, Defendant's reliance on *Taccino* is misplaced. *Taccino* involved twelve motions, only one of which is relevant to the case *sub judice*: "[d]efendant Ford Motor Co.'s ("Ford Motor") Motion to dismiss Plaintiff's Complaint . . . ." *Taccino*, 2019 WL 1429263 at *1. In that motion, Ford Motor argued that the Court should dismiss the plaintiff's claims because Ford Motor was the wrong party against whom to bring the lawsuit. *Id.* at *5. The Court agreed with Ford Motor. However, the Court reached its conclusion by considering only the complaint and exhibits attached thereto. *Id.* ("Based on the facts alleged in the [c]omplaint and the [c]omplaint's exhibits, the Court concludes that the [plaintiffs] have sued the wrong party."). In fact, the Court in *Taccino* noted that "[t]he general rule is that a court may not consider extrinsic evidence when resolving a Rule 12(b)(6) motion." *Id.* at *6, n. 7[6] (other citation omitted). Defendant requests the Court to do something that the Court refused to do in *Taccino*: impermissibly consider extrinsic evidence beyond the Complaint and its attachments while considering a motion to dismiss. The Court will not do this. Unlike the complaint and accompanying exhibits in *Taccino*, the Complaint and accompanying exhibits in the case *sub judice* do not clearly indicate that Plaintiff has brought suit against the wrong defendant.

---

[6] The Court also noted the exceptions to this rule: "A court may, however, consider documents attached to the complaint, . . . as well as those attached to the motion to dismiss as long as they are integral to the complaint and authentic, . . . when assessing a 12(b)(6) motion." *Id.*

Turning to Plaintiff's sole count in the Complaint, Direct Copyright Infringement pursuant to 17 U.S.C. § 501 *et seq.* ("the Act"), the Court recognizes Plaintiff's Complaint as one that has sufficiently pleaded such a claim. "Under the Act, '[a]nyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright.'" *Zuffa, LLC v. Ferrell*, No. 8:20-cv-0273-PX, 2021 WL 2315458, *3 (D. Md. June 7, 2021) (quoting 17 U.S.C. 501)).

> The Copyright Act grants the copyright holder 'exclusive' rights to use and to authorize the use of his work in five qualified ways, namely, (1) to reproduce the work, (2) to prepare derivative works, (3) to distribute copies of the work to the public, (4) to perform the work publicly, and (5) to display the work publicly.

*Oppenheimer v. Morgan*, 1:19-cv-00002-MR, 2019 WL 2617080, at *2 (W.D.N.C. June 26, 2019) (other citations and internal quotation marks omitted). "For a copyright infringement claim, a plaintiff must show: (1) ownership of a valid copyright; and (2) encroachment upon one of the exclusive rights afforded by the copyright." *Zuffa*, 2021 WL 2315458 at *3 (citing *Avtec Sys., Inc. v. Peiffer*, 21 F. 3d 568, 571 (4th Cir. 1994)).

Here, Plaintiff has sufficiently pleaded that he owns a valid copyright in the Photograph, and Plaintiff has sufficiently pleaded that Defendant encroached upon at least one of Plaintiff's exclusive rights afforded by the copyright. Defendant has not challenged the sufficiency of the allegations beyond whether Defendant is the proper defendant. Accordingly, the Court will deny Defendant's Motion.

The Court's conclusion would have been the same even if the Court exercised its discretion and converted Defendant's Motion into one for summary judgment. Moving for "summary judgment before discovery forces the nonmoving party into a fencing match without a sword or mask." *Callender v. Callender*, No. TDC-15-4015, 2016 WL 3647613, at *6 (D. Md. June 30, 2016) (quoting *McCray v. Dep't of Transp., Md. Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014)). "Consequently, summary judgment [must] be denied when the nonmovant has not had the

opportunity to discover information that is essential to his opposition." *Callender*, 2016 WL 3647613, at *6 (other citation and internal quotation marks omitted). "The proper procedure for seeking additional time for discovery is to file an affidavit pursuant to Federal Rule of Civil Procedure 56(d) explaining why, for specified reasons, the party needs discovery to oppose a summary judgment motion." *Id.* (citing Fed. R. Civ. P. 56(d); *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)) (internal quotation marks omitted). Here, Plaintiff has invoked Fed. R. Civ. P. 56(d), and Plaintiff's counsel has established that Plaintiff has yet to have an opportunity to discover information essential to opposing Defendant's Motion if the Court construes it as a motion for summary judgment. (ECF No. 12 at p. 7).

Furthermore, had the Court considered Defendant's proffered affidavits, and had Plaintiff not motioned for additional discovery, the Court's conclusion would still have been the same. Fed. R. Civ. P. 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party. *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)).

In his Opposition, Plaintiff sets forth facts indicating that the ownership of the website—a fact clearly material to this case—is still potentially in dispute. At the time Plaintiff discovered that Defendant was using the Photograph on the website, the domain registrant contact for the website was reported to be in Maryland, and the server was listed as SiteGround.com. (ECF No. 12 at p. 6 (referring to ECF No. 13 at p. 1, ¶ 2)). Per the information provided on the website, the owner of the website had "two (2) physical headquarters: (1) Anabon USA, located at 12345 Parklawn Drive, Suite R22 Rockville, MD. 20852; and (2) Anabon Canada, located at 175 West

Beaver Creek Road, Unit 32, Richmond Hill, ON L4B 3M1." (ECF No. 13 at p. 1–2, ¶ 3). The Maryland address is Defendant's last known business address. (ECF No. 12 at p. 6). An updated Whois report[7] indicates a change in the domain registrant to GoDaddy's Domains by Proxy, LLC Service ("proxy service"). (ECF No. 13 at p. 2, ¶ 4). The proxy service is a private registration service offered by GoDaddy whereby the actual owner's identity is shielded and replaced by that of a proxy holder. (ECF No. 6 at p. 2) The updated Whois report now shows cloudflare.com listed as the new web hosting service. (ECF No. 13 at p. 2, ¶ 4; ECF No. 6 at p. 2). Plaintiff maintains that Defendant changed the registrant information for the website to a proxy registrant following the commencement of the case *sub judice*. (ECF No. 13 at p. 2, ¶ 4). Following the commencement of Plaintiff's case, Defendant contacted Plaintiff to indicate that Defendant had "no affiliation with the website and that the Website is owned and operated by Anabon Canada, a purportedly separate and distinct entity from the current Defendant." *Id.* at p. 2, ¶ 5. Viewing the minimal evidence currently before the Court in the light most favorable to Plaintiff, there is information supporting an association between Defendant and the website at the time of the infringement; there is information indicating that steps were taken to shield the website's ownership (such that it now cannot be verified absent subpoena); and there is information provided by Defendant to Plaintiff that another entity, "Anabon Canada," which may or may not be the same as "Anabon, Inc.," is the responsible party. This suggests at this juncture a genuine dispute about the material fact of the website's owner at the time of the infringement.

---

[7] "A Whois domain lookup allows you to trace the ownership and tenure of a domain name." *What Is a Whois Domain Lookup?*, FAQ to *Whois Domain Lookup*, WHOIS IDENTIY FOR EVERYONE, HTTPS://WWW.WHOIS.COM/WHOIS/ (last visited March 20, 2023). "Similar to how all houses are registered with a governing authority, all domain name registries maintain a record of information about every domain name purchased through them, along with who owns it, and the date till which it has been purchased." *Id.*

**B. Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Fed. R. Civ. P. Rule 26(f) Conference**

Plaintiff's Motion for permission to seek third party discovery via subpoena on this ownership issue is technically moot in light of the forthcoming scheduling order and initiation of discovery. Plaintiff filed his Motion on November 1, 2022, because "Defendant has not yet appeared in this action [and] it is unclear when a Rule 26(f) conference will take place . . . ." *Id.* However, Fed. R. Civ. P. 26(f) provides:

> Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event, at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

Furthermore, Fed. R. Civ. P. 16(b) provides:

> Except in categories of actions exempted by local rule, the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order . . . after receiving the parties' report under Rule 26(f) . . . .

As such, this Court's Local Rule 103.9(b) provides in relevant part:

> All actions except ones which the presiding judge notifies the parties that he or she designates to be complex, e.g., antitrust, mass tort, patent infringement, RICO, and securities fraud actions in which all parties are represented by counsel, are exempted from the requirement of Fed. R. Civ. P. 16(b) that the Court consult with counsel (or unrepresented parties) or await a report from the parties under Fed. R. Civ. P. 26(f) before entering a scheduling order.

Defendant appeared in this case after Plaintiff filed his Motion. Furthermore, as the Court will deny Defendant's Motion, Defendant must file a responsive pleading to the Complaint by April 4, 2023.[8] On the day Defendant files its Answer, the Court will issue a proposed—and adequately tailored—scheduling order. Considering the imminence of a scheduling order in this

---

[8] "Unless the court sets a different time, serving a motion under [Fed. R. Civ. P. 12] alters these periods as follows: if the court denies the motion . . . the responsive pleading must be served within 14 days after notice of the court's action . . . ." Fed. R. Civ. P. 12(a)(4)(A).

10

case, the Court finds it unnecessary to permit Plaintiff to conduct the third-party discovery prior to that. Therefore, the Court will deny Plaintiff's Motion.

Lastly, the Court understands Defendant's concern regarding the equitability and justice of requiring Defendant to defend itself in a suit in which Defendant may or may not be the proper Defendant. Therefore, when the Court issues its initial scheduling order, it will provide for a period dedicated to discovery regarding the sole issue of website ownership, i.e., discovery will be limited to Plaintiff serving the third party-subpoenas outlined in Plaintiff's Motion, as well as narrow depositions of Defendant's and Anabon Inc.'s affiants on the concise issue of website ownership at relevant times and, as necessary, the relationship between the two entities. Following this brief period of narrowed discovery, the parties will meet and confer regarding the status of this case. Afterwards, if disagreement still exists concerning the owner of the website during the period relevant to Plaintiff's case, Defendant shall be permitted to renew its motion for summary judgment premised on its lack of ownership.

### IV.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss, or, in the Alternative for Summary Judgment (ECF No. 10), treated as a motion to dismiss, is DENIED without prejudice as to Defendant's ability to file a renewed motion for summary judgment at a time which the Court will determine in the forthcoming scheduling order. Furthermore, Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (ECF No. 5) is DENIED as moot, and the parties' Consent Motion for Extension (ECF No. 11) is GRANTED. A separate order follows.